UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
SOMMER CAMPBELL,

    Debtor.
_____/

RALPH CAFARO,

    Appellant,

v.                        Case No. 8:15-cv-1284-T-33
                         Bankr. No. 8:14-bk-13933-CPM

WELLS FARGO BANK, N.A.,

    Appellee.
_____/

**ORDER**

This appeal arises from a bankruptcy case, <u>In re Sommer Campbell</u>, Case No. 8:14-bk-13933-CPM. Appellant Ralph Cafaro appeals the Bankruptcy Court's Order Granting Motion for Relief from the Automatic Stay. (Doc. # 3-2). Cafaro also appeals the Bankruptcy Court's Order Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo. (Doc. # 3-1). For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

**I. Jurisdiction**

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. 28

U.S.C. § 158(a)(1). An order granting relief from the automatic stay is a final order. See In re Beane, 404 B.R. 942, 947 (M.D. Fla. 2008) (reviewing order granting relief from stay under abuse of discretion standard); see also In re Sonnax Indus., Inc., 907 F.2d 1280, 1283 (2d Cir. 1990) (stating "All seem to agree that orders lifting the automatic stay are final . . ."). The same holds true for an order on a motion for reconsideration. In re Caputo, No. 13-23542-CIV, 2014 WL 1600317, *1 (S.D. Fla. Apr. 21, 2014) (citing In re Grabill Corp., 983 F.2d 773, 775-76 (7th Cir. 1993)).

## II. Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error. Fed. R. Bankr. P. 8013; see In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984). In contrast, questions of law are reviewed de novo. In re Club Assocs., 951 F.2d 1223, 1228-29 (11th Cir. 1992). An order to lift an automatic stay under 11 U.S.C. § 362(d) "may be reversed only upon a showing of abuse of discretion." In re Feingold, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013) (quoting In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989)).

## III. Background

On August 31, 2012, Wells Fargo instituted a foreclosure action in the Circuit Court of the 6th Judicial Circuit, in

2

and for Pasco County, Florida, Case No. 51-2012-CA-5916, against Debtor Sommer Campbell. (Doc. # 15-1 at 3). The subject property of that foreclosure is located at 10214 Old Orchard Lane, Port Richey, Florida 34668. (Doc. # 15-2 at 3). The state court entered a Final Judgment of Foreclosure on August 6, 2014, in favor of Wells Fargo in the amount of $93,424.54. (Id. at 2).

Campbell filed a voluntary petition for Chapter 7 relief on November 26, 2014. (Bankr. Ct. Doc. # 1; Doc. # 15-4). Upon the filing of the voluntary petition, all proceedings related to the foreclosure action were automatically stayed pursuant to 11 U.S.C. § 362(a). Thereafter, on January 8, 2015, Wells Fargo filed a Motion for Relief from Stay under Rule 4001(a), Fed. R. Bankr. P., requesting that the automatic stay be lifted as it related to the Old Orchard Lane property. (Bankr. Ct. Doc. # 11; Doc. # 15-13). No response or objection was filed and on February 12, 2015, the Bankruptcy Court lifted the automatic stay "for the sole purpose of allowing movant [i.e., Wells Fargo] to obtain an **in rem** judgment against the following described property . . . 10214 Old Orchard Lane." (Bankr. Ct. Doc. # 21; Doc. # 15-14 at ¶ 2) (bolding and underlining in original).

On March 17, 2015, Cafaro filed three documents, which the Bankruptcy Court construed as a Motion for Reconsideration of the Order granting stay relief, a Motion to Dismiss, and a Motion to Vacate. (Bankr. Ct. Doc. # 27-29; Doc. # 15-3 at 5). Cafaro also filed a "Motion to Vacate, Void, Strike, Revoke, and Dismiss with Prejudice Wells Fargo Bank (NA's) Stay and All Filings and Whole Case filed by Wells Fargo Bank" on April 17, 2015. (Bankr. Ct. Doc. # 40; Doc. # 15-3 at 7). All four of Cafaro's motions requested that the Bankruptcy Court vacate its Order Granting Motion for Relief from the Automatic Stay. The Bankruptcy Court held a hearing on these motions on April 20, 2015. (Bankr. Ct. Doc. # 42; Doc. ## 15-3 at 7; 15-17).

At the April 20, 2015, hearing Cafaro[1] argued that he owned a 10 percent interest in the Old Orchard Lane property and that Campbell, the Debtor in the bankruptcy proceedings, committed bankruptcy fraud. (Doc. # 15-17 at 6:25-7:15). According to Cafaro, the alleged bankruptcy fraud was committed when Campbell "put a probate home into [the] bankruptcy court to claim bankruptcy to get rid of the fraud and perjury and everything." (Id. at 6:25-7:2). For its part,

---

[1] At the hearing, Margetta Langlois, who did not appear as counsel, spoke on Cafaro's behalf. (Doc. # 15-17 at 4-5).

the Bankruptcy Court stated that it would not reconsider its Order granting stay relief "because there's no reason for [the Bankruptcy Court] to keep the stay in place . . . ." (Id. at 27:8-15). In particular, the Bankruptcy Court explained its reasons as being the Chapter 7 Trustee was not seeking to administer the Old Orchard Lane property, Wells Fargo had not filed a claim in the bankruptcy proceedings, and the appropriate forum to raise issues relating to the foreclosure was a state court. (Id. at 5-6, 13).

Subsequent to the hearing, Cafaro filed a Notice of Appeal and an Amended Notice of Appeal on May 5, 2015 (Bankr. Ct. Doc. ## 45, 47; 15-3 at 8). The Bankruptcy Court entered its Order Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo on May 11, 2015 (Bankr. Ct. Doc. # 43; Doc. ## 15-3 at 8; 15-19). This appeal followed.

Cafaro's Amended Notice of Appeal was filed in this Court on May 27, 2015. (Doc. # 1). The record on appeal was docketed on June 30, 2015. (Doc. # 3). The Clerk entered a Notice of Filing Bankruptcy Appeal in the District Court on July 2, 2015, which instructed the parties to comply with Rule 8018. (Doc. # 4). This Court subsequently entered an Order directing Cafaro to file his initial brief on and including August 3,

5

2015. (Doc. # 5). On August 24, 2015, Wells Fargo filed an unopposed motion for extension of time, which this Court granted. (Doc. # 11). Wells Fargo filed its brief on September 15, 2015 (Doc. # 14), thus Cafaro's reply brief was due October 2, 2015. On September 24, 2015, Cafaro filed a brief entitled "Responses to Appellee's 'Perjurious'/'Fraudulant' Brief'; 9/15/15 Must be 'Vacated' & 'Dismissed' W/ 'Prejudice' Due to; WCS Lending LLC C.C. F/H/A Loan 'Fraud' $80.000 & Ins. Fraud $ 11,388.999," which this Court construed as his reply brief. (Doc. # 16). The appeal is now ripe for review.

**IV.   Analysis**

The Bankruptcy Court entered two Orders relevant to this appeal: (1) the Order Granting Motion for Relief from the Automatic Stay (Doc. # 3-2), and (2) the Order Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo (Doc. # 3-1). Cafaro filed his various motions 33 days after the Order granting stay relief was entered. Cafaro filed his Notice of Appeal and Amended Notice of Appeal 6 days before the Bankruptcy Court entered its Order denying Cafaro's various motions. For the reasons stated below, this Court lacks jurisdiction to review the Order Granting Motion for Relief from the Automatic Stay and affirms the Order

Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo.

### A. The Order Granting Stay Relief

A notice of appeal must be filed within 14 days after entry of the order being appealed. Fed. R. Bankr. P. Rule 8002(a)(1). A timely filed motion under Rule 9023 or Rule 9024 tolls the time in which an appeal must be filed. Fed. R. Bankr. P. 8002(b)(1)(B)-(D). A motion under Rule 9023 or Rule 9024 is timely if filed within 14 days after the entry of the order being appealed. Fed. R. Bankr. P. 8002(b)(1)(D), 9023. When service is effected by mail, an additional three days are added to the prescribed period. Fed. Bankr. R. P. 9006(f).

An order granting relief from the automatic stay is a final order. See In re Sonnax Indus., Inc., 907 F.2d at 1283; In re Beane, 404 B.R. at 947. If an appeal from a final order is not timely taken, the appellate court lacks jurisdiction. In re Kilgus, 811 F.2d 1112, 1115-16 (7th Cir. 1987).

The Bankruptcy Court entered its Order Granting Motion for Relief from the Automatic Stay on February 12, 2015. (Bankr. Ct. Doc. # 21). Cafaro filed his various motions requesting the Bankruptcy Court to vacate that Order on March 17, 2015, and April 20, 2015. (Bankr. Ct. Doc. ## 27-29, 40). Thus, Cafaro's motions were all filed well beyond the time

7

period prescribed in Rules 8002(a)(1), 8002(b)(1)(D), and 9023, even accounting for the extra 3 days under Rule 9006(f). As such, Cafaro's motions were untimely.

Therefore, Cafaro's motions neither tolled the time to file an appeal, nor perfected the filing of an appeal. Accordingly, this Court lacks jurisdiction to review the Order Granting Motion for Relief from the Automatic Stay.

### B.     The Order Denying Cafaro's Various Motions

In contrast, Cafaro timely appealed from the Bankruptcy Court's Order Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo. Cafaro filed his notice of appeal on May 5, 2015, and the Bankruptcy Court entered its Order denying his various motions on May 11, 2015. Pursuant to Rule 8002(b)(2), Cafaro's notice of appeal became effective upon the entry of the Bankruptcy Court's May 11, 2015, Order.

Cafaro's various motions requested that the Bankruptcy Court vacate its Order granting stay relief. Because all of Cafaro's motions were filed more than 17 days after the Order Granting Motion for Relief from the Automatic Stay, such motions are governed by Rule 9024, which applies Federal Rule of Civil Procedure 60. Under Rule 60, a court may relieve a party from a final order because of, among other things,

8

fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60.

Although Cafaro's briefs filed in this appeal are, to say the least, less than cogent, the main thrust of Cafaro's argument is that the underlying foreclosure of the Old Orchard Lane property is void and, thus, the Bankruptcy Court's Orders should be reversed. See (Doc. ## 9, 16). In a similar vein, Cafaro argued at the hearing held by the Bankruptcy Court that he owned a 10 percent interest in the Old Orchard Lane property and that Campbell committed bankruptcy fraud by placing the Old Orchard Lane property into the bankruptcy proceedings. (Doc. # 15-17 at 6:25-7:15).

The Bankruptcy Court explained that it would not reconsider its Order granting stay relief "because there's no reason for [the Bankruptcy Court] to keep the stay in place . . . ." (Id. at 27:8-15). In particular, the reasons provided by the Bankruptcy Court were that the Old Orchard Lane property was not sought to be administered by the Chapter 7 Trustee, Wells Fargo had not filed a claim in the bankruptcy proceedings, and the appropriate forum to raise issues relating to the foreclosure was a state court. (Id. at 5-6, 13). Based on the record before it on appeal, this Court

9

cannot say reversible error occurred. Therefore, the decision of the Bankruptcy Court is affirmed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Bankruptcy Court's Order Denying Without Prejudice Motions to Vacate Order Granting Stay Relief to Wells Fargo is **AFFIRMED.**

(2) The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and, thereafter, **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of October, 2015.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record